ELI HARDING, Appellant, v. THE CHICAGO, MILWAUKEE
& ST. PAUL RAILWAY COMPANY.

**Railroads: KILLING STOCK:** *Negligence.* Defendant's section men
closed gates opening from D.'s property on the track, twice. After
closing them the second time, they stopped to repair the track,
about fifty rods distant. D. passed through the gates, and left
them open, and plaintiff's cattle, having escaped from his land
onto D.'s land, went through the gates on the track, and were
killed. *Held*, that the defendant was not liable on account of the
fact that said employes failed to return and see if the gates were
closed before leaving for the night, though they might have seen
the gates from where they were at work.

*Appeal from Chickasaw District Court.*—HON. A. N.
HOBSON, Judge.

MONDAY, JANUARY 25, 1897.

ACTION at law to recover damages for stock killed
on defendant's right of way, at a place where, it is
claimed, defendant had a right to fence. At the con-
clusion of the evidence, the court directed a verdict
for defendant, and plaintiff appeals.—*Affirmed.*

*J. R. Bane* for appellant.

*J. W. Sandusky* for appellee.

DEEMER, J.—Richard and John Donovan are the
owners of one hundred and eighty acres of land in
Chickasaw county. The south part of this tract is cut
off from the main body thereof by the defendant's
right of way, and about one hundred yards south of
this right of way, and on the south side of the Dono-
van tract of land, is a county highway. The railway
company provided a crossing for the Donovans over
its right of way, supplied with gates on either side

thereof. A gate also leads from the highway into the Donovan land. At the time the stock was killed, plaintiff was occupying a piece of land cornering diagonally to the southwest with the Donovan land. On the fourteenth day of December, 1893, some of plaintiff's stock escaped from his field into the highway; from thence they went through open gates from the highway onto the Donovan land, and from there onto the defendant's right of way, where they were killed by a train. The accident occurred some time after 3:30 P. M. The plaintiff claims that defendant was negligent in leaving the gate leading to its right of way open, and in failing to take proper care with reference to the same. The undisputed evidence shows that defendant's section men passed this gate about 7 A. M., found it open, and closed it. They again passed over the crossing some time between 3 o'clock and 4 o'clock P. M., and again found the gate open. They closed it a second time, and passed on east, to a culvert about fifty-five rods east of the crossing, where they stopped to repair it. At this work they were engaged about half an hour. After repairing the culvert, they proceeded on east, to the place where they were stationed, arriving there about 6 o'clock P. M. While the section men were engaged at the culvert, the Donovans passed over the right of way crossing, with a load of hay. They neglected to close the gate after they passed through, and plaintiff's stock reached the track through the negligence of the Donovans in failing to close the gate.

The sole question to be determined on this state of facts is, was the defendant negligent in failing to learn of and close the open gate? Plaintiff's counsel argues that it was, because the gate was in plain sight of the section hands at all times while they were at work at the culvert, and that they failed to observe the open gate. There is some conflict in the evidence

regarding the question as to whether the section men could see the gate from the place where they were at work. But, in view of the fact that the court directed a verdict, we must assume, for the purposes of the case, that these men who were engaged at the culvert could have seen the open gate had they looked. Were they negligent, then, in failing to observe that the Donovans had left the gate open under the conditions recited? We think not. They had closed the gate near 4 o'clock, and passed on to their work, which, the record discloses, demanded their entire attention. They were raising the culvert, and were bound to keep a lookout for passing trains, and to do their work as quickly and expeditiously as possible. They had the right to assume that no trespasser would open a gate they had so recently closed, and were not obliged to go back again over the entire line they had so recently traversed for the purpose of ascertaining whether some one had opened up the gates they had just closed. Let us assume, however, that they saw, or were bound to see, the Donovans when they left the gate open. Would they, then, be guilty of negligence? The Donovans were the owners of the land. They had a right to leave these gates open temporarily, and the section men had the right, had they seen them pass through the gate, to assume that they would soon return and close it. The defendant's employes were not bound to remain on guard to determine whether the Donovans would return and do their duty. At the time they left the culvert, they had the right to assume that the gate would be closed by the men who left it open, and were not required to remain to see if they did. We do not think the defendant was guilty of negligence. The judgment is AFFIRMED.